IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAGDELENE LUCERO,

       Plaintiff,

v.                                          CV 09-908 JH/WDS

SANDIA CORPORATION, d/b/a SANDIA
NATIONAL LABORATORIES,

       Defendant.

## DEFENDANT'S MOTION TO DISMISS COUNTS III-V

Defendant Sandia Corporation d/b/a Sandia National Laboratories ("Sandia") moves under Federal Rule of Civil Procedure 12(b)(6) for dismissal of Counts III-V of Plaintiff's First Amended Complaint for Damages Due to Discrimination in Employment Based on Race/National Origin and Age Discrimination ("Amended Complaint"). Grounds for this motion are set forth in the following Memorandum of Law. Plaintiff opposes this motion.

## MEMORANDUM OF LAW

### I.  Standard

In evaluating a motion to dismiss, the Court "must accept all well-pleaded allegations . . . as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation & internal quotation marks omitted). Nevertheless, the complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that the case will yield evidence to support plaintiff's allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). The plaintiff must "allege[ ] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**II.  The Lilly Ledbetter Fair Pay Act Does Not Create a Cause of Action.**

The Lilly Ledbetter Fair Pay Act of 2009 (the "Lilly Ledbetter Act"), Pub. L. No. 111-2, 123 Stat. 5 (Jan. 29, 2009), amends various federal discrimination statutes, including Title VII and the Age Discrimination in Employment Act ("ADEA"), "to clarify that a discriminatory compensation decision or other practice that is unlawful under such Acts occurs each time compensation is paid pursuant to the discriminatory compensation decision." *Id.*  In short, the Lilly Ledbetter Act specifies the timeframe that discriminatory compensation claims accrue under Title VII and the ADEA, but it does not create a separate cause of action.  *See id.*  Accordingly, Count III of Plaintiff's Amended Complaint, entitled "Violation of the Lilly Ledbetter Fair Pay Act," is a misnomer because the Lilly Ledbetter Act is incapable of being violated.  At best, Count III is superfluous, because Plaintiff already has counts for alleged violations of Title VII and the ADEA.  Accordingly, Sandia respectfully requests that the Court dismiss Plaintiff's Count III.

**III.  There Is No Cause of Action for Emotional Distress, and Plaintiff Has Not Alleged Crucial Elements of a Claim for Intentional Infliction of Emotional Distress.**

There are several defects with Plaintiff's Count IV for emotional distress.  The first is that "emotional distress" is not a cause of action.  Rather, emotional distress is a type of damages available under some other of Plaintiff's causes of action.  For instance, Plaintiff has a count for violation of Title VII.  If she prevails on that, she could in theory recover damages for emotional distress.  *See, e.g., Dodoo v. Seagate Tech., Inc.*, 235 F.3d 522, 532 (10th Cir. 2000).  Count IV therefore adds nothing.

It may be that Plaintiff in Count IV meant to allege a cause of action for *intentional infliction* of emotional distress, a claim which does exist independently in the New Mexico common law.  If that is so, however, the defect is that Plaintiff does not allege two key elements.

One missing element is intentional or reckless conduct.  UJI 13-1628 NMRA; *see also Trujillo v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMSC-004, ¶ 25, 131 N.M. 607, 41 P.3d 333 (filed 2001).  As noted above, allegations of intent are conspicuously absent from the heading of Count IV.  The text of Count IV is not much different.  It addresses Sandia's alleged misconduct (not its intent) and Plaintiff's alleged harm.  Plaintiff does *not* contend that Sandia intended to harm her or that it acted in reckless disregard for her emotional well-being.

The other missing element is "extreme and outrageous" conduct on the part of Sandia.  UJI 13-1628; *see also Trujillo*, 2002-NMSC-004, ¶ 25 (not extreme or outrageous to discharge an employee whom the employer considered unsatisfactory).  Extreme and outrageous conduct is "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Silverman v. Progressive Broad., Inc.*, 1998-NMCA-107, ¶ 32, 125 N.M. 500, 964 P.2d 61 (internal quotation marks and citations omitted).  In *Padwa v. Hadley*, the court set the threshold for conduct to be included under this tort "at the very highest level."  1999-NMCA-067, ¶ 11, 127 N.M. 416, 981 P.2d 1234 (sexual relationships with the plaintiff's ex-wife and ex-fiancée do not support a claim for intentional infliction of emotional distress).

Examples of potentially extreme and outrageous conduct in the employment setting include visiting an employee in the hospital recuperating from surgery, asking if she would need to wear a colostomy bag outside her clothes, then firing her on the spot.  *Stock v. Grantham*, 1998-NMCA-081, ¶ 35, 125 N.M. 564, 964 P.2d 125.  In contrast, discharging the plaintiff in a loud voice and shouting, "I don't trust you" is not sufficient.  *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 432, 773 P.2d 1231, 1239 (1989).  Also not sufficient is promoting a newspaper reporter plaintiff to special projects reporter but then not giving her enough time to research and

write special project stories, manipulating her writing to diminish its impact, removing her byline, placing her on probation for a mistake in a story, criticizing her for personal use of office equipment, and failing to give her credit for a Pulitzer Prize that she had won. *Stieber v. Journal Publ'g. Co.*, 120 N.M. 270, 274, 901 P.2d 201, 205 (Ct. App. 1995) (affirming summary judgment for employer).

Plaintiff's allegations in this case resemble the allegations of the plaintiff in S*tieber*. She contends that Sandia took away her meaningful job responsibilities and gave her menial "make work" tasks, but this does not rise to the level needed to state a claim for intentional infliction of emotional distress in the workplace. (Am. Compl. ¶ 34.) Plaintiff's allegations, like those in *Stieber*, are not "so extreme in degree" that they "go beyond all possible bounds of decency" and must be "regarded as atrocious, and utterly intolerable in a civilized community." *Stieber*, 120 N.M. at 274, 910 P.2d at 205 (internal quotation marks & citations omitted).

Plaintiff in several ways fails to state a claim for intentional infliction of emotional distress. Count IV should therefore be dismissed.

### IV.  Plaintiff Fails to State Any Retaliation Claim Because Sandia Is Not a State Actor and She Was Not Terminated in Retaliation For Her Speech.

Plaintiff's Count V, for "Violation of First Amendment Rights and Retaliation," appears to be two separate causes of actions, one under the First Amendment and the other purportedly under New Mexico common law. Both should be dismissed. First, Sandia is not alleged to be and is not in fact a state actor. It therefore cannot be liable for a constitutional violation. Second, Plaintiff remains employed by Sandia and is not alleged to have been discharged, which precludes a common law retaliation claim.

### 1.  Sandia Is Not a State Actor.

In Count V of the Amended Complaint, Plaintiff alleges that "the Defendant violated the Plaintiff's First Amendment rights."  (Am. Compl. ¶ 38.)  However, "[t]o survive as a claim arising under the federal constitution . . . [the plaintiff's] claim must allege that the . . . defendants were state actors."  *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). Plaintiff does not allege anywhere in the Amended Complaint that Sandia is a state actor.  On the contrary, Plaintiff alleges (correctly) that Sandia is a corporate entity licensed in Delaware with its principal place of business in New Mexico.  (*See* Am. Compl. ¶ 7.)  Accordingly, Plaintiff has not stated a claim for a First Amendment violation, and indeed Sandia is incapable of violating Plaintiff's First Amendment rights.  Plaintiff's First Amendment cause of action should therefore be dismissed.

### 2.  Plaintiff Cannot Bring a Common Law Retaliation Claim Because She Was Not Discharged.

New Mexico courts do recognize the tort of retaliatory *discharge*.  It first arose as an exception to the traditional rule that an at-will employee may be discharged without cause.  *Vigil v. Arzola*, 102 N.M. 682, 699 P.2d 613 (Ct. App. 1983), *rev'd in part on other grounds*, 101 N.M. 687, 687 P.2d 1038 (1984), *and overruled on other grounds, Chavez v. Manville Prods. Corp.*, 108 N.M. 643, 777 P.2d 371 (1989).  As the New Mexico Supreme Court has explained, a retaliatory discharge cause of action is "a narrow exception to the terminable at-will rule."  *Silva v. Albuquerque Assembly & Distrib. Freeport Warehouse Corp.*, 106 N.M. 19, 21, 738 P.2d 513, 515 (1987).  To assert such a claim, an employee must show that she was (1) discharged (2) because she performed an act that public policy authorizes or encourages.  *Chavez*, 108 N.M. at 647, 777 P.2d at 375.

To date, however, New Mexico's courts have not expanded this carefully prescribed tort to cover alleged retaliatory acts short of discharge. *See also Zimmerman v. Buchheit of Sparta, Inc.*, 645 N.E. 2d 877 (Ill. 1994) (Supreme Court of Illinois refusing to expand tort of retaliatory discharge where employee claimed loss of employment status and income but was not terminated); *Touchard v. La-Z-Boy Inc.*, 148 P.3d 945, 955 (Utah 2006) (Supreme Court of Utah refusing to extend tort of retaliatory discharge to concept of retaliatory harassment because do so "would expand the public policy exception to the at-will rule beyond its intended narrow scope and encourage myriad claims against employers").

Plaintiff is a current employee of Sandia, and therefore she does not and cannot allege that she has been discharged. Because Plaintiff is still employed, she cannot establish a prima facie case of retaliatory discharge, and a state law cause of action for retaliation without discharge does not exist. For these reasons, Plaintiff's common law retaliation claim should be dismissed.

## V. Conclusion

Plaintiff's Counts for violation of the Lilly Ledbetter Fair Pay Act, emotional distress, and retaliation are not warranted by current controlling law. Accordingly, under Rule 12(b)(6), the Court should dismiss Counts III-V with prejudice.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By /s/ Aaron C. Viets
 Scott D. Gordon
 Aaron C. Viets
Attorneys for Defendant Sandia Corporation
d/b/a Sandia National Laboratories
Post Office Box 1888
Albuquerque, NM  87103
Phone:  (505) 765-5900
Fax:  (505) 768-7395
aviets@rodey.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2009, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

        Jeffrey A. Dahl
        jad@keleher-law.com

*/s/ Aaron C. Viets*
Aaron C. Viets