IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MAGDELENE LUCERO,**

**Plaintiff,**

**v.**                                                                                              **CV 09-908 JCH/WDS**

**SANDIA CORPORATION, d/b/a SANDIA
NATIONAL LABORATORIES,**

**Defendant.**

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL
### PRODUCTION OF WESLEY MARTIN'S EMAIL

This matter comes before the Court on Defendant's Motion to Compel Production of Wesley M. Martin's Email to Jeffrey A. Dahl (Doc. No 54). Defendant Sandia Corporation moves to compel Plaintiff to produce a four page email from Martin, a non-managerial employee of Defendant, to Plaintiff's attorney, Jeffrey Dahl. Plaintiff opposes production arguing that the email was prepared by Martin for, and at the direction of, attorney Dahl and qualifies as attorney work product. While Defendant does not concede that the email is attorney work product, Defendant further argues that even if the email is work product, Defendant is entitled to it because it has a substantial need for the email under the work product rule.

This case involves Plaintiff's claims of discrimination and other causes of action against her current employer, including allegations that her First Amendment rights were violated when she was retaliated against for reporting several security breaches to her supervisors. Martin testified at his deposition that the contents of his email related to security concerns and other potential misconduct by Defendant. He also testified that the email addressed other problems at Sandia, but that without reading the email he couldn't remember what those problems were.

Defendant contends that Martin's deposition testimony about the email was insufficient to

qualify as the "substantial equivalent" of reviewing the email itself. Plaintiff argues that it was. Both parties agree that Martin will be a witness at trial and that the contents of the email will be covered in his trial testimony.

Under the facts set out above, the Court finds that the email in question was generated at the direction of attorney Dahl in anticipation of litigation and is, therefore, work product. Further, the Court finds the Defendant has a substantial need for the email. Martin's inability to recall all of the concerns he raises in the email, let alone his inability to remember the details without reviewing the email, leaves the Defendant without the ability to discover with specificity what Martin's trial testimony will be. In the Court's opinion that creates a substantial need for production of the email.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Production of Wesley M. Martin's Email to Jeffrey A. Dahl (Doc. No 54) is granted. Plaintiff will produce the email within 7 days of the date of this Order.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE