IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MAGDELENE LUCERO,**

**Plaintiff,**

v.                                                                    CV 09-908 JCH/WDS

**SANDIA CORPORATION, d/b/a SANDIA
NATIONAL LABORATORIES,**

**Defendant.**

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
### PRODUCTION OF DOCUMENTS

This matter comes before the Court on Plaintiff Magdelene Lucero's Motion to Compel Defendant Sandia Corporation, d/b/a Sandia National Laboratories to Fully Respond to Plaintiff Magdelene Lucero's Second Request for Production of Documents (Doc. No. 53). The discovery in dispute at the time of the filing of the motion concerned requests numbered 20 through 28. During the briefing on the motion the parties resolved all but four of the requests. Those still in dispute will be addressed in order.

In Request No. 21 Plaintiff seeks a copy of an appointment letter from Paul Robinson to Norman Bay, dated August 16, 2002. Plaintiff alleges that the appointment letter directed Bay to investigate certain security concerns raised by Plaintiff Lucero pertaining to custody of the Little Boy Atomic Bomb, security breaches by the Protective Forces, and security breaches in certain sensitive security areas. In Request No. 22 Plaintiff seeks a copy of meeting minutes from a July 22, 2003 meeting between certain named Sandia officials where security breaches identified by Plaintiff Lucero were discussed. In Request No. 23 Plaintiff seeks a copy of a letter from James Larson to Sandia Executive Vice President Joan Woodard titled Status Report - Sandia National

Laboratories' Protective Force, dated June 16, 2003.  In Request No.24 Plaintiff seeks a copy of NNSA Brief to Al West and Terri Lovato, titled Protective Force Issues and Concerns, dated September 5, 2003.  According to Plaintiff, all of these requests deal with the security problems identified by Plaintiff which resulted in discrimination and retaliation against her.

Defendant Sandia argues that the above requests concern efforts by Defendant Sandia to investigate allegations of retaliation by two internal Sandia investigators, not the Plaintiff. Defendant also objects to the production on the grounds that the discovery is a fishing expedition and would be burdensome as it would take some 20-30 hours to search for the documents.  This allegation is supported by an affidavit of a Sandia paralegal.  Sandia also raises the Work Product Doctrine with respect to Request No. 22.

While there appears to be a factual dispute as to whether the requested documents pertain to Plaintiff or to two unrelated investigators, the Court need not resolve the dispute.  The production of the documents could lead to the discovery of admissible evidence, which is the standard.  Even if the documents concern persons other than the Plaintiff, if they relate to other incidents of similar retaliation they would be discoverable.  The argument that the production would be burdensome is not persuasive.  Only four documents remain out of the original requests, and Defendant Sandia, as argued in its briefing, appears to know precisely what the remaining documents concern.

The work product doctrine does not apply here to restrict production of Request No. 22.  The doctrine requires that the documents meant to be protected were prepared in anticipation of litigation.  The only information here from Defendant Sandia is that an investigator alleged he was retaliated against and the fact that he had retained counsel.  No indication of litigation, present or future, is present.  The only information present is that Sandia was investigating the matter and interviewing a witness.

For the reasons set out the Court finds that the documents requested are discoverable.

IT IS THEREFORE ORDERED that Plaintiff Magdelene Lucero's Motion to Compel Defendant Sandia Corporation, d/b/a Sandia National Laboratories to Fully Respond to Plaintiff Magdelene Lucero's Second Request for Production of Documents (Doc. No. 53) is granted. Defendant shall have 10 days from the date of this Order to produce the documents.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE