IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAGDALENE LUCERO,

        Plaintiff,

vs.                                                  Civ. No. 09-908  JH/WDS

SANDIA CORPORATION, d/b/a SANDIA
NATIONAL LABORATORIES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two related motions: *Defendant's Motion to Dismiss Counts III-V* [Doc. No. 10], and *Plaintiff's Motion to File Second Amended Complaint* [Doc. No. 23]. The subject of both motions is whether Counts III, IV, and V of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim, or whether instead Plaintiff should be permitted to file a Second Amended Complaint. The Court has reviewed the briefs filed by the parties and the relevant authorities, as well as Plaintiff's proposed Second Amended Complaint. As discussed in further detail below, the Court concludes that Counts III and IV should be dismissed for failure to state a claim, and that Plaintiff should not be permitted to amend those claims because such an amendment would be futile. The Court further concludes that Plaintiff has failed to state a claim for the state tort of retaliation in Count V, and therefore that claim should be dismissed. However, while Plaintiff's Count V First Amendment retaliation claim is insufficient as currently pled, the Court will grant Plaintiff leave to amend it.

## FACTUAL AND PROCEDURAL BACKGROUND

In this employment dispute, Plaintiff Magdalene Lucero alleges that her employer, Sandia

Corporation d/b/a Sandia National Laboratories ("Sandia") has discriminated against her based upon her national origin and age, intentionally caused her severe emotional distress, and violated her First Amendment rights in retaliation for her actions in reporting actual and potential security breaches. On September 18, 2009, Plaintiff filed her original complaint [Doc. No. 1]. However, Plaintiff did not serve her original complaint immediately, and instead on September 24, 2009, she exercised her right to amend her complaint without leave of court by filing her First Amended Complaint [Doc. No. 3]. She served Sandia with her First Amended Complaint the same day.

Shortly thereafter, Sandia filed its motion to dismiss Counts III ("Lilly Ledbetter Fair Pay Act"), IV (intentional infliction of emotional distress), and V (First Amendment violation) of Plaintiff's First Amended Complaint for failure to state a claim. Plaintiff opposed the motion to dismiss, arguing that her First Amended Complaint does state a claim. However, on January 5, 2010, Plaintiff filed her Motion to File Second Amended Complaint [Doc. No. 23]. Her motion was filed within the January 8, 2010 deadline for amending pleadings set forth in the Joint Status Report [Doc. No. 18].

## **LEGAL STANDARDS**

In deciding a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *See Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008). The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. *See id.* A plaintiff does not have to provide detailed facts but the complaint must be "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading as a matter of course before being served with a responsive pleading. Otherwise, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2). The grant or denial of leave to amend under Fed. R. Civ. P. 15(a) is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing party. *Castleglen, Inc. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).

## DISCUSSION

**I.     LILLY LEDBETTER FAIR PAY ACT (COUNT III)**

In Count III of his First Amended Complaint, Plaintiff alleges that as a result of the alleged employment discrimination she suffered, Sandia has again discriminated against her with every paycheck that Plaintiff received since May 28, 2007—the retroactive date of the Lilly Ledbetter Fair Pay Act of 2009 ("the Ledbetter Act"). In its motion to dismiss, Sandia argues that the Ledbetter Act amends both Title VII of the Civil Rights Act of 1964, as well as the ADEA, with regard to the timeframe for which discriminatory compensation claims may accrue. Sandia contends, Doc. No. 10 at 2, and Plaintiff admits, Doc. No. 15 at 2, that the Ledbetter Act does not create a separate cause of action, but rather a particular remedy that is incorporated into other counts of Plaintiff's First Amended Complaint. The Court does not agree with Plaintiff that she must assert a separate claim under the Ledbetter Act in order to preserve her rights under that statute. To the contrary, by law the remedies afforded by the Ledbetter Act apply to claims of discriminatory compensation under Title VII and the ADEA. Thus, she need not (and indeed cannot) state a claim under the Ledbetter Act as a separate count in her complaint. Plaintiff's claim for violation of the Ledbetter Act in

3

Count III fails to state a claim, and the proposed amendment would be futile. Accordingly, Count III will be dismissed, and Plaintiff will not be permitted to amend it.

## II.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT IV)

In her First Amended Complaint, Plaintiff labels Count IV as "emotional distress," although in the briefing for both motions, as well as in her proposed Second Amended Complaint, Plaintiff clarifies this claim as one for the state tort of intentional infliction of emotional distress ("IIED"). In order to recover under a cause of action for intentional infliction of emotional distress under New Mexico law, the plaintiff must allege and prove three elements: first, that the tortfeasor's conduct was extreme and outrageous under the circumstances; second, that the tortfeasor acted intentionally or recklessly; and third, that as a result of the conduct the claimant experienced severe emotional distress. *Coates v. Wal-Mart Stores, Inc.*, 127 N.M. 47, 57, 976 P.2d 999, 1009 (1999). *See also* UJI 13-1628 (intentional infliction of emotional distress), NMRA 2010.

As grounds for her claim for IIED, Plaintiff relies on paragraphs 9 through 22 of her First Amended Complaint, in which she alleges that she is a longtime employee of Sandia, and that after many years of service, she noticed several security breaches, as well as opportunities for security breaches to take place. She alleges that she reported these to her supervisors, and thereafter they prevented her from achieving further career advancements. She was interviewed by a former United States Attorney, upper Sandia management, and the Inspector General's office. In addition, Plaintiff alleges that Sandia retaliated against her by failing to give her appropriate increases in compensation, reorganizing her work, stripping her of job duties, and failing to hire her for other jobs. Plaintiff also alleges that she was transferred to another position, thereby limiting her career advancement opportunities.

When considering the first element of the tort of intentional infliction of emotional distress—extreme and outrageous conduct—the New Mexico Court of Appeals recognized that the judiciary must set the threshold of outrageousness high enough so that the social good from recognizing the tort will not be outweighed by unseemly and invasive litigation on meritless claims. *Hakkila v. Hakkila*, 112 N.M. 172, 178, 812 P.2d 1320, 1326 (Ct. App.) *cert. denied*, 112 N.M. 77, 811 P.2d 575 (1991). Thus, the tort of intentional infliction of emotional distress "provides recovery to victims of socially reprehensible conduct." *Baldonado v. El Paso Natural Gas Co.*, 2008-NMSC-005, ¶ 24, 143 N.M. 288, 176 P.3d 277 (internal quotation marks and citation omitted). Accordingly, the Court must determine whether the facts as alleged by Plaintiff amount to outrageous conduct by Sandia. "The Restatement [(Second) of Torts § 46 cmt. d (1965)] describes extreme and outrageous conduct as that which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Trujillo v. N. Rio Arriba Elec. Coop, Inc.*, 2002-NMSC-004, ¶ 25, 131 N.M. 607, 41 P.3d 333.

In evaluating whether Plaintiff's factual allegations are sufficient to support a claim under Rule 12(b)(6), it is helpful to review relevant precedent in which courts have evaluated the degree of outrageous conduct required to recover under a theory of intentional infliction of emotional distress. For example, in *Baldonado*, a gas explosion resulted in a fireball, which killed twelve members of an extended family. 2005-NMSC-005, ¶ 3. The plaintiff firefighters who responded to the scene alleged that the gas company defendant had failed to properly design and maintain its gas pipelines, had been earlier cited for the failure, and had previously experienced the consequences of such failure in the form of two explosions. *Id.* ¶ 35. This knowledge, combined with the defendant's obligations under federal law to actively cooperate with firefighters, led the New

5

Mexico Supreme Court to conclude that the defendant's conduct was extreme and outrageous. *Id*. ¶¶ 33, 36. Similarly, in *Phifer v. Herbert*, 115 N.M. 135, 848 P.2d 5 (Ct. App. 1993), *overruled on other grounds, Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 123 N.M. 170, 936 P.2d 852 (Ct. App. 1997), the plaintiff alleged that her supervisor made explicit and implied sexual remarks and made improper overtures toward her which embarrassed, shamed, degraded her, and caused her mental anguish to the extent that she was forced to quit her job. In *Coates v. Wal-Mart Stores, Inc., supra*, another sexual harassment case, the New Mexico Supreme Court upheld a jury verdict awarding damages for intentional infliction of emotional distress. Plaintiffs in that case produced evidence that a supervisor physically assaulted and verbally sexually harassed them on several occasions over a one-year period, that the store's management took no action when plaintiffs repeatedly complained about the harassment, and that plaintiffs were forced to quit their jobs as a result. In each of these cases, the court found the alleged conduct to be sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress.

In contrast, the *Trujillo* court rejected a fired employee's claim for intentional infliction of emotional distress. 2002-NMSC-004, ¶¶ 27-28. The Court noted that "[b]eing fired is a common occurrence that rarely rises to the level of being beyond all possible bounds of decency and utterly intolerable in a civilized community" and that the plaintiff did not provide evidence to suggest that the defendant employer's conduct was extreme and outrageous. *Id*. ¶ 27 (internal quotation marks omitted). In addition, the court determined that the employee did not suffer from distress "so severe that no reasonable [person] could be expected to endure it." *Id*. ¶ 28 (alteration in original) (internal quotation marks and citation omitted). In *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 432, 773 P.2d 1231, 1239 (1989), plaintiff alleged that his employer discharged him in a loud voice and shouted that he did not trust the plaintiff, who was working on a public sales floor at the time. In

*Steiber v. Journal Publishing Co.*, 120 N.M. 270, 273, 901 P.2d 201, 204 (Ct. App. 1995), a reporter alleged that a newspaper failed to allow her to work on special projects, as promised, and failed to give her due credit for her work.  In *Padwa v. Hadley*, 1999-NMCA-067 ¶ ¶ 9-23, 127 N.M. 416, a husband claimed intentional infliction of emotional distress against his friend, alleging that the friend initiated sexual relationships with three different women to whom he had strong emotional attachments (husband's former wife and mother of his child, husband's then-current wife, and husband's former fiancée), all for the purpose of causing husband harm and humiliation.  In each of these cases, the court found that the factual allegations did not describe conduct that was sufficiently extreme and outrageous in order to support a claim for intentional infliction of emotional distress.

Based upon an analysis of the foregoing legal authorities, the Court concludes that the events alleged in Plaintiff's First Amended Complaint are not sufficient to state a claim for intentional infliction of emotional distress.  Rather, her allegations describe workplace unpleasantness—and indeed unfairness—not unlike that in *Newberry* and *Steiber*.  However, her allegations of Sandia's conduct do not shock the conscience like the allegations described in *Phifer* and *Coates* and should be dismissed for failure to state a claim.

The next question is whether Plaintiff should be permitted to amend her complaint as to Count IV.  A review of Plaintiff's proposed Second Amended Complaint reveals that such an amendment would be futile as to her claim for IIED because the factual allegations supporting this claim remain unchanged.  Therefore, the proposed amendment would not contain factual allegations sufficient to amount to extreme and outrageous conduct under New Mexico law.  Thus, the motion to amend the complaint will be denied.

## III.     FIRST AMENDMENT RETALIATION (COUNT V)

In her First Amended Complaint, Plaintiff labels Count V as a claim for "violation of First Amendment rights and retaliation." She alleges that Sandia retaliated against her for exercising her First Amendment rights and for reporting security breaches. Doc. No. 3 at ¶ 37. She alleges that this retaliation violated both the First Amendment as well as common law public policy under both state and federal law. *Id.* at ¶ 38-39. In its motion to dismiss this claim, Sandia argues that Plaintiff has failed to state a claim under the First Amendment because Plaintiff did not allege that Sandia is a state actor. Second, Sandia argues that Plaintiff has failed to state a claim for retaliatory discharge under New Mexico common law because she was not discharged from her employment at Sandia.

In her response to the motion to dismiss, Plaintiff clarifies that she is not asserting a state tort claim for retaliatory discharge. With regard to her First Amendment retaliation claim, Plaintiff argues that her allegation that Sandia is a state actor is implicit in her allegation that it violated her First Amendment rights, as only state actors are capable of such violations. In the alternative, she asks for leave to amend her First Amended Complaint in order to plead her First Amendment claim with additional specificity. In her proposed Second Amended Complaint attached to her motion for leave to amend, Plaintiff alleges that "Sandia is a state actor by virtue of its position within and work relationship with the U.S. Dept. of Energy." Doc. No. 23, Ex. 1 at ¶ 37.

The Court agrees with Sandia that Plaintiff's First Amended Complaint fails to state a claim for either First Amendment retaliation or for the state tort of retaliatory discharge. Thus, these claims should be dismissed as currently pled. However, the question remains whether to allow Plaintiff to amend her First Amendment claim as proposed in the Second Amended Complaint. While Sandia opposes such an amendment, the Court concludes that Plaintiff's proposed Second

Amended Complaint contains sufficient allegations to state a First Amendment retaliation claim against Sandia, and therefore she should be permitted to amend that claim.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Dismiss Counts III-V* [Doc. No. 10] is **GRANTED IN PART** as to Counts III and IV of Plaintiff's First Amended Complaint, as well as the state retaliatory discharge claim in Count V, and each of those claims is **DISMISSED**. *Plaintiff's Motion to File Second Amended Complaint* [Doc. No. 23] is **GRANTED IN PART** as to her First Amendment retaliation claim in Count V.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to amend her First Amendment retaliation claim, she must file her Second Amended Complaint no later than August 13, 2010.

_____
**UNITED STATES DISTRICT JUDGE**